# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN HAWKINS,

    Petitioner,   :  Case No. 3:19-cv-072

 - vs -          District Judge Thomas M. Rose
              Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
 Chillicothe Correctional Institution

             :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Brian Hawkins pursuant to 28 U.S.C. § 2254, is before the Court on Hawkins' Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations recommending dismissal ("Report, ECF No. 19). District Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 21). Hawkins does not object to the dismissal of Grounds Two and Three, but makes specific objections as to the other Grounds, as well as to the recommendation to deny a certificate of appealability and certify that an appeal would be objectively frivolous. Hawkins' Objections are considered seriatim.

**Ground One:  Denial of Due Process by Pre-Indictment Delay**

The conduct upon which Hawkins was convicted happened in July 2002 and he was not indicted until May 2015. He filed a motion to dismiss for pre-indictment delay which the trial

court denied after an extensive evidentiary hearing. After he was convicted by a jury, Hawkins appealed, raising the pre-indictment delay as a principal as his First Assignment of Error. The Second District Court of Appeals that issue at great length; its opinion is reproduced in the Report (ECF No. 19, PageID 2339-48, quoting *State v. Hawkins*, 2018-Ohio-867 (2nd Dist. Mar. 9, 2018). The Report concluded that this state court decision was neither contrary to nor an objectively unreasonable application of relevant Supreme Court precedent and was therefore entitled to deference under 28 U.S.C. § 2254(d). *Id.* at PageID 2349.

**Statute of Limitations Objection**

In his Reply Hawkins claimed that his prosecution was barred by the statute of limitations in Ohio Revised Code § 2901.13(D)(1) and (2)(ECF No. 18, PageID 2309). The Report found this was a new claim, one that was neither raised in the Petition nor at any time in the state courts. Passing over these procedural points, the Report found the limitations claim was without merit. § 2901.13(D)(2) provides:

> (2) If a DNA record made in connection with the criminal investigation of the commission of a violation of section 2907.02 or 2907.03 of the Revised Code is determined to match another DNA record that is of an identifiable person and if the time of the determination is within twenty-five years after the offense is committed, prosecution of that person for a violation of the section may be commenced within the longer of twenty-five years after the offense is committed or five years after the determination is complete.

This is indeed a case in which the DNA found in the victim's rape kit was matched with Hawkins' DNA. That determination was made "within twenty-five years after the offense [was] committed," to wit, before July 2027, which would be twenty-five years after July 2002, the time of the rape.

2

The prosecution was also commenced within that twenty-five year period, so there was no violation of the statute of limitations. But Hawkins argues that the phrase "or five years after the determination is complete" controls instead. This construction makes no sense of the English of the sentence. It would turn "longer of" into "shorter of." It would also defeat the purpose of the statute, which was to extend the statute of limitations in rape cases, as Hawkins himself admits in his Objections (ECF No. 20, PageID 2371). In a case such as this, Hawkins' construction of the language would have shortened the statute of limitations well below the twenty years provided by Ohio law before the 2015 amendment. See *State v. Jones*, 148 Ohio St. 3d 167 (2016).

In interpreting a statute a court should:

1. Decide what purpose ought to be attributed to the statute and to any subordinate provision of it which may be involved; and then

2. Interpret the words of the statute immediately in question so as to carry out the purpose as best it can, making sure, however, that it does not give the words either (a) a meaning they will not bear, or (b) a meaning which would violate any established policy of clear statement.

Hart and Sacks, THE LEGAL PROCESS (Eskridge & Frickey ed. 1994), p. 1169. Interpreting "longer of" to mean "shorter of" makes no sense of the language or purpose of Ohio Revised Code § 2901.13(D)(2).

Moreover, the Reply is the first time Hawkins raised this statute of limitations claim. He criticizes the Report for treating it as a stand-alone claim and says it is just part of his pre-indictment delay claim. Not so. A statute of limitations claim is analytically distinct from a due process undue delay claim. If the statute of limitations has run, a person may not be prosecuted at all, whether or not he has been prejudiced by the delay; the bar is the statute and not the Due Process Clause. Hawkins never pleaded a statute of limitations bar in his Petition and new claims may not be raised in a reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v.*

3

*Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). More fundamentally, Hawkins never made this claim in the state courts and thus it is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**Proof of Actual Prejudice**

Apart from the statute of limitations, Hawkins relies on his claim that he proved he was actually prejudiced by the delay. Both Judge Tucker and the Court of Appeals rejected this claim because it was based on Hawkins' speculation about what his absent or deceased witnesses would have testified to and Hawkins' own testimony was not credible: it was only after he was confronted with the DNA match that he admitted he had had sex with A.J. on the night in question at the place in question and claimed that it was consensual.

Hawkins seems to believe that if a defendant makes a claim of actual prejudice, a court must accept it at face value, without evaluating its credibility. But as the Second District's opinion and the Report both point out, judicial findings that depend on oral testimony must always evaluate whether the testimony is credible.

Hawkins relies on *State v. Luck*, 15 Ohio St. 3d 150 (1984), which he says in turn relies on federal precedent, (Objections, ECF No. 20, PageID 2370, citing *United States v. Lovasco,* 431 U.S. 783 (1977) and *United States v. Marion,* 404 U.S. 307 (1971)). In *Luck* the Supreme Court of Ohio upheld a lower court's dismissal of an indictment on due process grounds only when considered in conjunction with the violation of her Sixth Amendment right to counsel. In contrast to this case, however, the Ohio courts found actual prejudice from the delay. *Luck* at 154. Here the state courts found no actual prejudice because they did not believe Hawkins' testimony about

missing evidence.

*Lovasco* does not provide a different rule of decision. The Supreme Court held that pre-indictment delay was irrelevant for Sixth Amendment speedy trial purposes. Under the Fourteenth Amendment, even the death of two potential witnesses was not sufficient prejudice for a dismissal because Lovasco had not shown how their testimony would have assisted the defense. In this case, the testimony of the absent or deceased witnesses could have helped Hawkins, but he had no proof of what they would have testified to beyond his own self-interested speculation.

Hawkins is not entitled to habeas corpus relief on the First Ground.

**Grounds Four Through Eight**

Having waived any objections to the Report's conclusion on Grounds Two and Three, Hawkins, then asks permission to amend the Objections to add argument on Grounds Four through Eight, pleading inadequate library access, and asking for another sixty days' time for completion. But Hawkins did not seek an extension of time before the Objections were due[1] and the Magistrate Judge cannot consider objections that have not yet been made. In the absence of a proffered actual amendment, the motion to amend is denied.

**Certificate of Appealability**

Although he objects to the Magistrate Judge's conclusion that a certificate of appealability

---

[1] Hawkins calculated his due date as December 26, 2019, counting seventeen days from the date of his receipt of the Report on December 9, 2019 (See Received stamp at ECF No. 2377). The seventeen days actually runs from the date of service which was made by mail on December 4, 2019. under Fed.R.Civ.P. 5, service is complete upon mailing. The Objections were thus due to be filed by being deposited in the prison mail system by December 23, 2019.

5

should not be issued, Hawkins offers no analysis on this point. That is, he makes no showing that reasonable jurists would disagree with the conclusion that Ground One should be dismissed.

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge again concludes the Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that May be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 26, 2019.

s/ *Michael R. Merz*  
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.