# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN HAWKINS,

                    Petitioner,          :    Case No. 3:19-cv-072

    - vs -                          District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution

                                :
                  Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case is before the Court on Petitioner's combined Motions for Leave to Conduct Discovery, for Expansion of the Record, and for Appointment of Counsel (ECF No. 26).

The Court has already considered the case on the merits and the Magistrate Judge has filed two Reports and Recommendations recommending that the Petition be dismissed with prejudice. Petitioner's Motion was only filed contemporaneously with his Objections to the Supplemental Report and Recommendations (ECF No. 25).

**Hawkins' Motion**

Hawkins seeks the Court's assistance in obtaining the following in discovery:

1. Copies of all notes and contents of both Detective Carol Ewing's and detective Phil Olinger's entire case file packets

2. Detective Dulaney's Notes and copy of Petitioner's unredacted DVD interview with Detective Dulaney

3. Copies of Petitioner's pretrial hearing; decision hearing of motion to dismiss; testimonies of Alice Wortham and Charlotte Lemmings

4. Phone records of Toni Ousley's house on Osmond between December 18, 2003 through April 2004 and phone records, including recorded calls of Ousley's calling of the Dahton Police Department between December 18, 2003, through April 2004.

5. Copies of trial counsel's investigative notes and work product, in addition to investigator's notes of Wayne Miller and Gary Ware and their work product, particularly interviews of Petitioner and A.J.

(Motion, ECF No. 26, PageID 2415, 2418, 2420, and 2421.)

Once this information is obtained, Hawkins seeks to expand the record to include it. In order to assist with obtaining and presenting this material, seeks appointment of counsel.

## Analysis

Hawkins' Motion is untimely. The procedure for litigating habeas corpus cases as set out in the Rules Governing § 2254 Cases parallels the procedure for litigating civil cases in federal court. First there are the pleadings: petition, answer, and reply. When the Court orders an answer under habeas Rule 5, it also orders the Attorney General to produce, serve, and file the state court

record, because it is usually that record which is being evaluated in habeas corpus. Ordinarily the case is ripe for decision once those filings are complete. As it does in almost all habeas corpus cases, the Magistrate Judge treated this case as ripe once those filings were complete.

In an ordinary civil case, the Court will set a cut-off for discovery in a pre-trial order filed under Fed. R. Civ. P. 16. Although discovery in civil cases is party-initiated and does not require court permission, parties may not conduct discovery after the cut-off date, particularly because that date is followed by a cut-off date for summary judgment practice. In habeas cases the parties must obtain court permission to conduct discovery and there is no summary judgment practice, but the same rationale for orderly consideration of the case needs to prevail.

In this case Petitioner seeks to initiate discovery after the Magistrate Judge has filed two reports on the merits. Proceeding in that way would be a substantial waste of judicial resources. Therefore the request for discovery is denied in part because it is untimely.

Petitioner has also not shown good cause for discovery. A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations

do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Petitioner attempts to relate his discovery requests to claims of ineffective assistance of trial counsel, prosecutorial misconduct, and judicial bias. In the Petition he makes claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct in Grounds for Relief Five, Seven and Eight, but his claims in the instant Motion are far broader than the claims in the Petition. For example, Hawkins claims viewing his trial counsel's and investigators notes and work product are "relevant to whether trial counsel as ineffective for failing to investigate and prepare for Motion to Dismiss and trial." (ECF No. 26, PageID 2422). Furthermore, Hawkins now attempts to add a claim of judicial bias which is never made in the Petition and which he has never sought to amend the Petition to add.

Therefore the Motion for discovery is DENIED because Hawkins has not shown good cause as required by Habeas Rule 6.

Once discovery is complete, Hawkins seeks to expand the record to include the fruits of discovery. Most of the authority he cites for this conclusion dates from before the Supreme Court's decision in *Cullen v. Pinholster*, 563 U.S. 170 (2011), which restricted the evidence a habeas corpus court could hear to what was in the state court record, at least until a determination had been made under 28 U,.S.C. § 2254(d)(1) or (2). Hawkins' motion to expand the record is denied on the basis of *Pinholster*.

Finally, Hawkins seeks the appointment of counsel. Although 18 U.S.C. § 3006A authorizes appointment of counsel in habeas corpus cases, Congress has provided scarce funding

for such appointments.  They are required to be made when an evidentiary hearing is granted and

the Court must appoint two attorneys for any capital case.[1]  On that basis, Hawkins' motion for

appointment of an attorney is also denied.


February 18, 2020.


s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] The Southern District of Ohio has been for many years one of the top five districts in the nation in pending capital habeas corpus cases.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).