# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BRIAN HAWKINS,

        Petitioner,     :     Case No. 3:19-cv-072

  - vs -                     District Judge Thomas M. Rose
                                Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
  Chillicothe Correctional Institution

                              :

        Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Supplemental Report and Recommendations ("Supplemental Report," ECF No. 22). Magistrate Judge Merz filed the Supplemental Report after Petitioner objected (ECF No. 20) to the Magistrate Judge's original Report and Recommendations ("Report," ECF No. 19) and the Court recommitted the case for reconsideration (ECF No. 21). The case is also before the Court on Petitioner's Objections (ECF No. 28) to the Magistrate Judge's Decision and Order denying discovery, an expansion of the record, and appointment of counsel ("Decision," ECF No. 27).

As required by Fed.R.Civ.P. 72(a), the Court has reviewed the Decision for clear legal error and any clearly erroneous factual findings. The Court's review of the Reports under Fed.R.Civ.P. 72(b) has been *de novo* for any portions of those Reports to which Petitioner has made specific objections.

1

**Litigation History**

Petitioner was indicted in May 2015 for the July 2002 rape and kidnapping of A.J., a person then fifteen years old. His motion to dismiss on speedy trial grounds was denied and he was then convicted by a jury and sentenced to ten years' imprisonment. After the convictions were affirmed on appeal, he filed two applications to reopen the appeal on grounds of ineffective assistance of appellate counsel, but the Ohio Second District Court of Appeals rejected both as untimely and Hawkins did not appeal further. Hawkins then filed his habeas corpus Petition in this Court pleading eight grounds for relief (Petition, ECF No. 3, PageID 39-52).

In the Report, the Magistrate Judge recommended dismissing Ground Two and Three because they do not state claims for relief cognizable in habeas corpus, i.e., they are not claims of federal constitutional violations (Report, ECF No. 19, PageID 2333-34). Petitioner concedes these claims are not cognizable (Objections, ECF No. 20, PageID 2375).

As to Petitioner's claims in Ground Five that his trial attorney provided ineffective assistance of trial counsel when he "failed to object to court's violations of state statutes and rules of evidence" and "failed to object to many instances of prosecutorial misconduct," the Report found them barred by Hawkins' failure to raise them on direct appeal (Report, ECF No. 19, PageID 2336, quoting Return of Writ, ECF No. 11, PageID 2267). When they were pleaded in an application to reopen and rejected as untimely, Hawkins failed to file a timely appeal to the Supreme Court of Ohio. The Magistrate Judge rejected Petitioner's excusing cause argument and recommended that "the unspecific claims of ineffective assistance of trial counsel in Ground Five and all of the claims of ineffective assistance of appellate counsel in Ground Eight [be found to

be] procedurally defaulted and should be dismissed on that basis." (Report, ECF No. 19, PageID 2338).

In Ground One Hawkins presented his speedy trial claim. The Report recommended deferring to the Second District's decision of this claim as a not unreasonable application of Supreme Court precedent (Report, ECF No. 19, PageID 2339-2348, quoting *State v. Hawkins*, No. 27019, 2018-Ohio-867, ¶¶ 7-47 (Ohio App. 2nd Dist. Mar. 9, 2018), appeal not allowed at 153 Ohio St. 3d 1453, 2018-Ohio-3026). The Report also rejected a new claim raised in the Reply that the prosecution was barred by the statute of limitations. *Id.* at PageID 2348-49. The Supplemental Report rejected Hawkins' interpretation of the statute of limitations (Supplemental Report, ECF No. 22, PageID 2381-83). It also found the state courts' decisions on lack of actual prejudice were not unreasonable determinations of fact. *Id.* at PageID 2383-84 (citations omitted).

In Ground Four, Hawkins raised an insufficiency of the evidence claim. The Report concluded the Second District's decision was a reasonable application of *Jackson v. Virginia,* 443 U.S. 307 (1979) (ECF No. 19, PageID 2349-56). With the five sub-claims of ineffective assistance of trial counsel in Ground Five that were preserved for merits review, the Report found the Second District had decided them on the merits and its decision was not an unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984). *Id.* at PageID 2357-64.

In Ground Six, Hawkins claimed he was denied a fair trial when the trial judge allowed a jury view of a scene which had changed since the crime was committed, cut Hawkins' own testimony short, and violated "unspecified Ohio statutes and rules of evidence." The Report concluded the Second District's decision on these claims was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), and concluded that "the Second District's decision on the jury view issue is not an

3

objectively unreasonable application of clearly established Supreme Court precedent[.]" *Id*. at PageID 2365.

As to the prosecutorial misconduct claims made in Ground Seven, the Report concluded some of them had not been raised at all in the state courts and were therefore procedurally defaulted (Report, ECF No. 19, PageID 2365-66). As to the claims considered on the merits in state court, the Magistrate Judge concluded the decision was not an unreasonable application of the relevant Supreme Court precedent, *Brady v. Maryland*, 373 U.S. 83 (1963). *Id*. at PageID 2366.

In his first set of Objections, Hawkins waived any objection to the Report's conclusions on Grounds Two and Three and sought leave to amend his Objections to add arguments on Grounds Four through Eight. The Supplemental Report rejected that request because it was not made timely made, *i.e.*, before the objection deadline passed (ECF No. 22, PageID 2384).

## Analysis

**Ground One: Pre-Indictment Delay**

In his Objections to the Supplemental Report, Hawkins asserts the Magistrate Judge did not address any of the standards for assessing prejudice from pre-indictment delay, "particularly the abuse of discretion the Petitioner has identified." (Objections, ECF No. 25, PageID 2392).

Both parties agree that the question of whether pre-indictment delay is a violation of a defendant's due process rights is a federal constitutional issue and thus cognizable in habeas corpus. The Second District Court of Appeals recognized that it was deciding a due process question when it considered this assignment of error. *Hawkins,* 2018-Ohio-867, ¶ 9 . It noted that

deciding the actual prejudice question involves "a delicate judgment based on the circumstances of each case." *Id.* at ¶ 10. It then laid out at length the testimony hearing by the trial court on the motion to dismiss. *Id*. at ¶¶ 11-34 (quoted verbatim in the Report, ECF No. 19, PageID 2340-45.) On direct appeal, Hawkins had argued that assessing witness credibility was not properly part of the standard for deciding prejudice from pre-indictment delay, but the Second District noted the trial courts must inevitably make credibility decisions when deciding pre-trial motions. *Id.* at ¶ 38.

In claiming that somehow an abuse of discretion standard is to be applied to assessing prejudice, Hawkins quotes from *United States v. Lively* (Objections, ECF No. 25, PageID 2392, quoting 852 F.3d 549, 565-66 (6th Cir. 2017)), where the court noted its own cases were inconsistent on this question. But even if abuse of discretion were the standard of review on direct appeal in the federal system, that would not make that standard compulsory for the state courts under the Constitution. This Court is not reviewing directly the trial court's decision on actual prejudice. Rather, we are confined in habeas corpus to deciding if the state court decision in question – that of the Second District – is contrary to or an objectively unreasonable application of United States Supreme court precedent. Hawkins has cited no Supreme Court precedent requiring a state appellate court to review these decisions under an abuse of discretion standard.

If this Court were to apply an abuse of discretion standard directly to the trial court's decision, it would find no abuse of discretion. The judge carefully weighed the evidence of possible prejudice and found no sufficient prejudice was present.

Under Ground One, Hawkins also claims his prosecution should have been barred by the statute of limitations for rape as it was amended effective July 16, 2015. That statute extended the statute of limitations for rape cases to either twenty-five years after the crime was committed or five years after a DNA match is made. As the Magistrate Judge correctly held, Ohio Revised Code

§ 2903.13(D)(2) allows a prosecution at any time within the longer of those two periods (Report, ECF No. 19, PageID 2348).

The Court also agrees Hawkins statute of limitations defense is procedurally defaulted because it was never raised in the state courts. Hawkins claims in his Objections that his statute of limitations claim is preserved because it is essentially a part of his due process pre-indictment delay argument (ECF No. 25, PageID 2393). On the contrary, a statute of limitations is a bright-line rule, whereas the actual prejudice standard under the Fourteenth Amendment requires, as the Second District held, a "delicate balance" in light of the totality of the circumstances of the case.

On the issue of actual prejudice, Hawkins criticizes the Reports for not considering all the facts *de novo* (Objections, ECF No. 25, PageID 2394). But habeas corpus review of facts when they have previously been reviewed by the state courts is not *de novo*, but for whether the state court determination is unreasonable in light of the evidence before those courts. 28 U.S.C. § 2254(d)(2).

As to Ground One, the Reports are ADOPTED.

**Ground Five: Ineffective Assistance of Counsel**

As the Report notes, Hawkins only preserved five ineffective assistance of trial counsel sub-claims for habeas review. The Magistrate Judge recommended deference to the Second District on all five of those (Report, ECF No. 19, PageID 2357-64). Hawkins made no objections at all as to this recommendation. Although he asked for more time to make objections, the Magistrate Judge denied the request because it was untimely. Nevertheless, Hawkins has submitted lengthy objections on Ground Five in his Objections to the Supplemental Report (ECF

No. 25, PageID 2405-06). These objections are untimely. They are also without merit. For example, Hawkins tries to bootstrap the requirement that a judge deciding a pre-indictment delay question must consider all the evidence into an ineffective assistance of trial counsel claim that the lawyer must present all possible evidence, in this case the testimony of the victim at the motion to dismiss hearing. *Id.* Hawkins claims that testimony would have shown the victim's memory lapses, but it is unclear how that would have helped him on the motion to dismiss, because she would not have been his witness at trial. Hawkins does not know what she would have said, but if her testimony was adverse to Hawkins and she was then unavailable at trial, the testimony from the motion hearing could have been introduced at trial. Hawkins is likewise critical of his attorney for not introducing other evidence, but has failed to show the content of that evidence, much less how it would have been helpful to his case. His arguments on these points is purely conjectural and do not afford him a basis for relief.

**Ground Six: Denial of Due Process by Granting Jury View**

As with Grounds Four through Eight, Hawkins made no objections to the recommended disposition of this Ground in the Repot and has thus waived his right to object. Moreover, his Objections (ECF No. 25, PageID 2407) are without merit. Whether to allow a jury view is a matter of discretion under Ohio law and even if granting the view was an abuse of discretion, it would not be reviewable on that basis in habeas corpus. *Sinistaj v. Burt,* 66 F.3d 804, 807 (6th Cir. 1995).

As to the separate sub-claim that the trial judge cut off his testimony, the Report correctly found that what Hawkins wanted to say was hearsay and there is no constitutional right to present hearsay evidence (Report, ECF No. 19, PageID 2365).

**Ground Seven: Prosecutorial Misconduct**

Hawkins made no objections to the Magistrate Judge's original Report as to Ground Seven. Instead he asked for an extension of time to make objections on Grounds Four through Eight (Supplemental Report, ECF No. 22, PageID 2384). The Magistrate Judge denied that request. *Id.* Despite that denial, Hawkins has devoted six pages of his Objections to the Supplemental Report to arguing prosecutorial misconduct claims (ECF No. 25, PageID 2398-2403). The Court finds those objections are waived by their omission from Objections to the original Report. Moreover Hawkins' Seventh Ground for Relief in the Petition is limited to very unspecific claims under *Brady v. Maryland*, 373 U.S. 83 (1963), and unsupported claims that the prosecutor produced false evidence and misrepresented the evidence that had been introduced. He never specified the facts of these claims at all. The only misconduct claim alleged on direct appeal was misstatement of the age of the victim in the indictment which was forfeited by failure to object in the trial court. *Hawkins*, 2018-Ohio-8667, ¶¶ 112-18. As to *Brady* violations, the only claim on direct appeal was suppression of the victim's Grandview hospital records which the Second District found Hawkins knew about. *Id.* at ¶¶ 121-26. The Magistrate Judge found the Second District decision on these two claims was an objectively reasonable application of *Brady* and other relevant Supreme Court precedent and the Court agrees.

As to other claims of prosecutorial misconduct raised for the first time in the Reply or Hawkins' Objections to the Supplemental Report, they are forfeited because never presented to the state courts.

**Ground Eight: Ineffective Assistance of Appellate Counsel**

As with Grounds Four through Seven, Hawkins waived his right to object to the Report's conclusions on Ground Eight because he did not make those objections within the time allowed by Fed.R.Civ.P. 72(b). His sole objection on the Ground to the Supplemental Report is his claim that he has in fact shown cause and prejudice to excuse procedural default (Objections, ECF No. 25, PageID 2407, citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), and *Murray v. Carrier*, 477 U.S. 478 (1986)). He makes no new argument on this point, and the Court finds the Magistrate Judge adequately dealt with this claim in the Report.

**Magistrate Judge Denial of Discovery, Expansion of the Record, and Appointment of Counsel**

On the same day that he filed Objections to the Supplemental Report, Hawkins also filed a Motion for Discovery, for Expansion of the Record, and for Appointment of Counsel (ECF No. 26). These are non-dispositive pretrial matters on which Magistrate Judges are authorized to make decisions as opposed to recommendations. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b). However, such decisions are reviewable on objection, and Hawkins files timely Objections to this Order (ECF No. 28).

The standard of review on nondispositive matters is clearly erroneous as to factual findings or contrary to law as to legal conclusions. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Because of the clearly erroneous standard, the reviewing district judge is limited to matters which were of record before the Magistrate Judge. When the Magistrate Judge in deciding a nondispositive matter is exercising

the discretion granted the court under either statute or rules, review is for abuse of discretion. *Snowden by and through Victor v. Connaught Labs.*, 136 F.R.D. 694, 697 (D. Kan. 1991), citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

Hawkins criticizes the Decision for finding both that his request for discovery is untimely and that it is premature (Objections, ECF No. 28, PageID 2440). Yet, a request for discovery under Habeas Rule 6, made after the case has been submitted for decision on the merits and in fact has received not one but two Reports on the merits, is too late. It is also premature in these sense that a habeas court cannot consider new facts added to the record in federal court until it has determined that the state court decision cannot stand because it is an unreasonable determination of the facts on the basis of the evidence presented in state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

The Court agrees with the Magistrate Judge that decisions on expanding the record are subject to the limitations imposed on evidentiary hearings by *Pinholster*. Because the *Pinholster* standard has not been met in this case, the Magistrate Judge's decision on expansion of the record was correct.

Finally, the decision to deny appointment of counsel is consistent with the practice of this Court in non-capital habeas corpus cases: there are simply insufficient resources to permit such appointment except in the rarest of cases. Consequently, Hawkins's Objection (ECF No. 28, PageID 2444) is overruled

The Magistrate Judge's Decision on discovery, expansion of the record, and appointment of counsel is neither an abuse of discretion, clearly erroneous, or contrary to law.

**Conclusion**

Having reviewed the Magistrate Judge's Reports *de novo* in light of Petitioner's Objections, the Court adopts the Reports and orders that the Petition herein be dismissed with prejudice. The Clerk shall enter a separate judgment to that effect. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 11, 2020 \*s/Thomas M. Rose

_____
Thomas M. Rose
United States District Judge